**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ALVERTA STEWART, Individually and on behalf of all others similarly situated, | ) ) ) | Case No. |
| Plaintiffs, | ) ) | Judge: |
| vs. | ) ) | |
| METROPOLITAN LIFE INSURANCE COMPANY | ) ) ) | **CLASS ACTION COMPLAINT WITH JURY DEMAND** |
| 200 Park Avenue New York, NY  10166 | ) ) ) | |
| Defendants. | ) | |

## PRELIMINARY STATEMENT

This class action is brought by Plaintiff Alverta Stewart individually and on behalf of all others similarly situated against Defendant Metropolitan Life Insurance Company ("Defendant" or "MetLife") and arises from Defendant's systematic failure to pay life insurance proceeds pursuant to the order of precedence established by 5 U.S.C. § 8705(a), and as required by the Federal Employees' Group Life Insurance ("FEGLI") Policy.

## PARTIES

1.     Plaintiff Alverta Stewart is and was an individual resident of Houston, Texas and a Texas citizen at all times relevant to this action.

2.     Defendant Metropolitan Life Insurance Company is a New York corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

3.     This Court has original diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332(d)(2), as the amount in controversy exceeds $5,000,000 exclusive of interest and costs

and Plaintiff and members of the putative class are citizens of a state different from the Defendant.

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(a)(2) as a substantial part of the events, circumstances, and omissions giving rise to these claims occurred in this District.

## FACTUAL ALLEGATIONS

5.      Plaintiff incorporates all previous and subsequent allegations as if fully set forth herein.

6.      Congress enacted the Federal Employees Group Life Insurance Act ("FEGLIA") in 1954 "to provide low-cost group life insurance to Federal Employees."  H.R. Rep. No. 2579, 83d Cong., 2d Sess. (1954).

7.      Under FEGLIA, insurance benefits are provided under a single master policy issued by Defendant to the United States Office of Personnel Management ("OPM").

8.      FEGLIA sets out precisely to whom insurance benefits are to be paid when a participating employee dies by providing a statutory "order of preference."  *See* 5 U.S.C. § 8705(a).

9.      5 U.S.C. § 8705(a) states in relevant part:

(a) [T]he amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:

First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office ...

Second, if there is no designated beneficiary, to the widow or widower of the employee.

2

Third, if none of the above, to the child or children of the employee and descendants of deceased children by representation.

Fourth, if none of the above, to the parents of the employee or the survivor of them.

Fifth, if none of the above, to the duly appointed executor or administrator of the estate of the employee.

Sixth, if none of the above, to other next of kin of the employee entitled under the laws of the domicile of the employee at the date of his death.

10.     The master policy issued by MetLife expressly incorporates the statutory order of preference.  *See* FEGLI Contract, Section 1.3(a) ("[t]he applicable provisions of … chapter 87 of title 5, United States Code … constitute a part of this Contract as if fully set forth herein, and the other provisions of the contract shall be construed so as to comply therewith.").

11.     "FEGLIA's order of preference is written in mandatory, inflexible terms." *Metropolitan Life Ins. Co. v. Christ*, 979 F.2d 575, 578 (2d Cir. 1992).  "According to § 8705(a), proceeds '*shall* be paid according to the order of preference.'"  *Id.* (emphasis in original). "Nothing in § 8705 or anywhere else in FEGLIA creates any exceptions, equitable or otherwise." *Id.*

12.     Despite this clear and unambiguous guidance, and upon information and belief, Defendant routinely fails to follow the order of precedence in processing and paying claims. Specifically, Defendant refuses to pay claims beyond the "fifth" step in the order of precedence and wrongfully demands "other next of kin of the employee" open an estate for a deceased employee or initiate probate court proceedings before it will process such claims.

13.     Plaintiff is such a claimant.  Plaintiff's sister Arvenell Flowers was a retired federal employee who had worked at the V.A. Hospital in Houston, Texas.  Ms. Flowers was

covered under the FEGLI master policy in the amount of $12,000 when she passed away on October 3, 2019.

14.     Ms. Flowers' designated beneficiary had predeceased her, she was not married at the time of her death (she had divorced in 1975), she had no children, both her parents predeceased her, and no estate was opened after her death.

15.     Pursuant to FEGLIA's order of precedence, with no one in positions one through five eligible to take under the FEGLI Policy, Defendant is required to pay the FEGLI proceeds to the person or persons in the sixth position in the order of precedence:  Ms. Flowers' next of kin "entitled under the laws of the domicile of the employee at the date of his death."  5 U.S.C. § 8705(a).

16.     Plaintiff, Ms. Flowers' sister, is the next of kin entitled under the laws of the State of Texas, where Ms. Flowers was living at the time of her death.  Tx. Estates Code § 201.001(e) ("If neither the person's father nor mother survives the person, the person's entire estate passes to the person's siblings and the siblings' descendants.")

17.     To help pay for Ms. Flowers' funeral, Plaintiff executed an irrevocable assignment of $8,055 of the $12,000 in FEGLI proceeds to McCoy and Harrison Funeral Home. McCoy and Harrison Funeral Home then executed an irrevocable assignment of the $8,055 to Lincoln Factoring, LLC.  Plaintiff therefore retains an interest in $3,945 of Ms. Flowers' FEGLI coverage.

18.     Plaintiff submitted a claim for the FEGLI proceeds on Form FE-6.  Plaintiff provided all information requested on the form and included a certified copy of Ms. Flowers' death certificate.

19.     On November 2, 2019, Plaintiff received a letter from Defendant's Office of Federal Employees Group Life Insurance ("OFEGLI") Claims Processing Center.  The letter confirmed that "[t]he insured's estate is eligible for Federal Employees' Group Life Insurance (FEGLI) benefits due to the death of Arvenel (sic.) Flowers."

20.     The November letter made multiple references to Ms. Flowers' estate:

- "If Ms. Flowers does not have a surviving spouse, was not survived by children or descendants of any deceased children, and was not survived by parents, we will pay the insurance benefits to the estate."

- "We will also need *** "One certified copy of the court appointment papers naming a personal representative for Arvenel Flowers's estate.  **Please note that we cannot process payment to the personal representative named under Arvenel[l] Flowers's Will unless the Will is probated**.  If a formal estate is nor or will not be opened, you may contact the appropriate probate court about a small estate opening." (emphasis added).

21.     The November letter concluded by stating, "If we do not receive the completed claim form and the requested information we will be unable to issue payment of the FEGLI benefits."

22.     When Plaintiff submitted her claim, there was no "duly appointed executor or administrator of the estate of the employee" able to satisfy the fifth position in the statutory order of precedence.   Accordingly, Defendant should have moved on to the sixth position of precedence (next of kin of the employee entitled under the laws of the domicile of the employee at the date of his death).   Instead, Defendant simply refused to move to the sixth position of

precedence and demanded that Plaintiff open an estate (and therefore qualify under fifth order of precedence).

23.     On December 4, 2019, Defendant sent Plaintiff another letter reaffirming its refusal to move beyond the fifth position of precedence. In this letter, Defendant stated "Since the Insured does not have a surviving spouse, children, or descendants of any deceased children and was not survived by parents, we will pay the insurance benefits to the estate."

24.     Once again, in its December letter, Defendant stated that "We will also need *** [o]ne certified copy of the court appointment papers naming a personal representative for Arvenel[l] Flowers's estate. Please note that we cannot process payment to the personal representative named under Arvenel[l] Flowers's Will unless the Will is probated. If a formal estate is nor or will not be opened, you may contact the appropriate probate court about a small estate opening."

25.     In its December letter, Defendant again stated that, "If we do not receive the completed claim form and the requested information we will be unable to issue payment of the FEGLI benefits."

26.     Defendant's December 4, 2019 letter wrongfully required Plaintiff to open an estate in order to claim Ms. Flowers' FEGLI benefits, ignoring that the sixth position in the order of precedence – which Plaintiff occupies – presumes that no estate has been opened.

27.     On February 24, 2020, Plaintiff received a third letter from Defendant, which finally acknowledged that a estate need not be opened for benefits to be paid: "We were informed that the estate will not be probated." But Defendant nevertheless demanded that Plaintiff initiate probate court proceedings to obtain a "Muniment of Title" before Defendant would process Plaintiff's claim: "We need the following information: Since a formal estate is

not or will not be opened, you may contact the appropriate probate court about a Texas Muniment of Title…If we do not receive the requested information we will be unable to issue payment of the FEGLI benefits."

28.     Nothing under in the sixth position of precedence or Texas law requires Plaintiff to go to probate court to obtain a Muniment of Title to qualify as the "next of kin of the employee entitled under the laws of the domicile of the employee at the date of his death."

29.     Pursuant to the "mandatory, inflexible" order of precedence in 5 U.S.C. § 8705(a), Defendant was required to pay Plaintiff, Ms. Flowers' next of kin under Texas law, Ms. Flowers' FEGLI benefits.

30.     Defendant failed to pay Plaintiff, and continues to fail to pay Plaintiff, because Plaintiff has not opened an estate or obtained a Muniment of Title from a probate court.

31.     Upon information and belief, Defendant routinely failed (and continues to fail) to pay life insurance proceeds pursuant to the order of precedence established by 5 U.S.C. § 8705(a), and as required by the FEGLI Policy.

32.     Importantly, 5 U.S.C. § 8705(b) provides that "[i]f, within 1 year after the death of the employee, no claim for payment has been filed by a person entitled under the order of precedence named by subsection (a) of this section…, payment made be made in the order of precedence as if the person had predeceased  the employee, and the payment bars recovery by any other person."  Plaintiff's claim was the only claim Defendant received within one year of Ms. Flowers' death.  Accordingly, any persons (if any) who would otherwise have been higher in the order precedence should have been presumed dead and Defendant should have paid Plaintiff's claim, which would have barred recovery by any other person. *See, e.g., Jacobs v.*

*United States*, 794 F. Supp. 509, 512 (S.D.N.Y. 1992) ("the [FEGLIA statutory] scheme presupposes that claimants will assert their own rights on a timely basis.").

33.     Defendant's refusal to follow federal law and the FEGLI Contract is a breach of the contract, for which Plaintiff and the class members have been damaged.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff incorporates all previous and subsequent allegations as if fully set forth herein.

35.     This class action is proper under Rule 23(b)(3).  The requirements of Rule 23(a) and (b)(3) are met with respect to the class defined below.

36.     Plaintiff brings this class action on her own behalf and as a representative of the following class:

> All kin who filed a claim with Defendant for payment of FEGLI benefits upon the death of an insured employee, whose claim was not paid because no estate or probate proceedings were opened for the deceased insured, and where no other claim for benefits was received by Defendant within 1 year after the death of the employee. Excluded from this Class are Defendant, any entity in which Defendant has a controlling interest, any entity which has a controlling interest in Defendant, and Defendant's employees, legal representatives, assigns, and successors.[1]

37.     Although the precise number of class members is unknown to Plaintiff, upon information and belief, the number is so numerous that joinder is impractical.  It is likely that there are thousands of class members nationwide.  The disposition of each class member's claim through the class action procedure will benefit the parties, the Court, and society as a whole.

38.     Plaintiff will fairly and adequately represent and protect the class members' interests and is committed to the vigorous prosecution of this action.

---

[1] Plaintiff specifically reserves the right to amend this definition.

39.     Plaintiff has no conflicts of interest and has retained counsel who are competent and have experience in class actions, including class actions against life insurance companies generally and specifically against Defendant for its operation of the FEGLI program.

40.     Plaintiff's claims are typical of the class.  Plaintiff and the class members are victims of the same unlawful actions and conduct of Defendant, namely Defendant's failure to comply with the FEGLI Policy.

41.     Common questions of law and fact exist as to all members of the class and predominate over questions affecting individual members of the class.

42.     The common questions include, but are not limited to, the following:

(a)     Whether Defendant breached the terms of the FEGLI Policy by failing to pay claims in compliance with the order of precedence; and

(b)     Whether Defendant is required to pay to Plaintiff and the class members interest on those damage awards from the date payment of the proceeds of the FEGLI Policy were due.

43.     A class action is appropriate because the common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class.

44.     A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action, as the financial interest of each individual class member is relatively small, making it economically impracticable to pursue remedies other than by a class action. As such, the class members have little interest in individually controlling the prosecution of separate actions.

45.    If individual actions were to be brought by the members of the class, the resulting duplication of lawsuits would cause undue hardship, inefficiencies, and expense to the Court and the litigants.

46.    Given the above considerations, it is desirable to concentrate the litigation of the claims in this particular forum.

47.    Plaintiff is not aware of any similar action against Defendant.

48.    There will be no difficulties in managing this class action as the names and addresses of the persons who filed claims for benefits under the FEGLI Policy, and whose claims were not paid for failure to open an estate or probate proceedings, are available from Defendant's computerized records and are therefore known to Defendant.  Further, notice can be provided to the members of the class by using techniques and a form of notice similar to those customarily used in class actions including individual mailed notice and notice by publication, as appropriate.

## COUNT ONE
### Breach of Contract

49.    Plaintiff and class members incorporate all previous and subsequent allegations as if fully set forth herein.

50.    Pursuant to 5 C.F.R. § 870.102, FEGLI Policy benefits "are payable according to a contract with the company or companies that issue a policy under § 8709 of title 5, United States Code.  Any court action to obtain money due from this insurance policy must be taken against the company that issues the policy."

51.    Plaintiff and class members are kindred of insureds under the FEGLI Policy issued by Defendant under §8705 of title 5, United States Code.

52.    Plaintiff and class members made claims for payment of policy benefits upon the death of an insured employee pursuant to and consistent with the terms of the FEGLI Policy.

53.     Because no other persons submitted claims within one year of the death of the deceased employees, any person higher than Plaintiff and the class members in the order of precedence is presumed to have predeceased the employees.

54.     Accordingly, Defendants breached the terms of the FEGLI Policy by failing to pay Plaintiff and class members in compliance with the order of precedence set forth in 5 U.S.C. § 8705(a).

55.     As a direct and proximate result of Defendant's breach, Plaintiff and class members have been damaged and are entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the putative class, demands judgment against Defendant for full Policy benefits, including interest as specified in Section 2.15 of the Policy, post-judgment interest as provided in 28 U.S.C. § 1961, and any other relief to which Plaintiff and the putative class may be entitled.

Respectfully submitted,

/s/Todd S. Garber
Todd S. Garber
Bradley F. Silverman
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
One North Broadway, Suite 900
White Plains, New York 10601
Telephone: 914-298-3281
Fax: 914-908-6709
tgarber@fbfglaw.com
bsilverman@fbfglaw.com

Todd B. Naylor, Esq. (pro hac to be filed)
Jeffrey S. Goldenberg, Esq. (pro hac to be filed)
GOLDENBERG SCHNEIDER, LPA
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Telephone:  (513) 345-8291
Facsimile:   (513) 345-8294

*Trial Attorneys for Plaintiff*

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury of all issues so triable.

<u>/s/Todd S. Garber</u>
Todd S. Garber, Esq.